IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADAM CARRERAS,

        **Petitioner,**

vs.                                  **No. CIV 03-1153 MV/LCS**

LANE BLAIR, Warden, et al.,

        **Respondent.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      **THIS MATTER** comes before the Court upon Petitioner's Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, filed October 2, 2003.  (Doc. 1).  Respondents filed a

Motion to Dismiss on January 5, 2004.  (Doc. 13).  The Court, having considered Respondents'

Motion, Petitioner's Motion and Response, the record herein, and the relevant law, recommends

that Respondents' Motion to Dismiss be **GRANTED** and that the Petition for Writ of Habeas

Corpus be **DISMISSED WITH PREJUDICE**.

      **PROPOSED FINDINGS**

        **I.**        **Procedural Background**

      1.      Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*.

Petitioner is confined pursuant to a valid Judgment and Order Partially Suspending Sentence

(Resp. Ex. A), dated July 31, 2002 and a valid Amended Judgment and Order Partially

Suspending Sentence (Resp. Ex. B), filed August 8, 2002.  Judgment was entered in the Third

Judicial District Court for the County of Doña Ana, State of New Mexico.  Petitioner was

convicted of one count of attempted murder and one count of aggravated burglary.  He was also

found to be a habitual criminal offender with one prior felony conviction.  Petitioner was

sentenced by the Honorable Stephen Bridgforth to a total term of twenty years to be followed by

two years on parole.  Four years were suspended for a total of sixteen years incarceration.  (Ex.

A.)

2.       Petitioner appealed his conviction to the New Mexico Court of Appeals.  In his

appeal, Petitioner asserted that there was insufficient evidence to support his convictions and

argued that the failure of Deputy Porras, the officer who arrested Petitioner, to appear at trial and

to testify resulted in reversible error.  The New Mexico Court of Appeals affirmed Petitioner's

convictions on November 26, 2002.  (Ex. F.)  Petitioner filed a Petition for Writ of Certiorari to

the New Mexico Court of Appeals on December 16, 2002.  (Ex. G.)  This petition was denied on

January 10, 2003.  (Ex. H.)

3.       Petitioner filed a petition for writ of habeas corpus in the Third Judicial District

Court of Doña Ana County on April 24, 2003 alleging that he was denied his constitutional right

to a fair trial when defense counsel failed to secure the presence of Deputy Porras, the officer who

arrested petitioner, at trial.  (Ex. J.)  Judge Stephen Bridgforth issued an order denying this

petition on May 1, 2003.  (Ex. K.)  As grounds for denial, Judge Bridgforth found that petitioner

had raised this issue in his direct appeal to the New Mexico Court of Appeals and that Court had

ruled that no fundamental error resulted.  Judge Bridgforth also noted that he was unable to

conclude that Deputy Porras' testimony would have resulted in a different result at trial and that

petitioner had therefore failed to show he had been prejudiced by his attorney's actions.

4.       Petitioner filed a Petition for Writ of Certiorari to the Supreme Court of New

Mexico on June 3, 2003.  (Ex. L.)  The Supreme Court of New Mexico denied this petition on

June 10, 2003.  (Ex. M.)

      5.      Because Petitioner filed his federal habeas petition after the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is ruled by its

provisions.  *See Williams v. Taylor*, 529 U.S. 362, 402 (2000).  Under the AEDPA, a writ of

habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state

court unless that adjudication "resulted in a decision that was contrary to, or involved an

unreasonable application of clearly established Federal law as determined by the Supreme Court

of the United States.  28 U.S.C. § 2254(d)(1).  A state court decision will be "contrary to" federal

law if the state court either applies a rule that contradicts the Supreme Court on a question of law

or if the state court decides a case differently on a set of materially indistinguishable facts.

*Williams*, 529 U.S. at 413.

      6.      A state court decision will involve an "unreasonable application" of federal law if it

"correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular

prisoner's case."  *Id.* at 407.  "[A] federal habeas court making the 'unreasonable application'

inquiry should ask whether the state court's application of clearly established federal law was

objectively unreasonable."  *Id.* at 409.  Even if the federal habeas court concludes that the state

court decision applied clearly established federal law incorrectly, relief is appropriate only if that

application is also objectively unreasonable.  *Id.*  Further, a federal court cannot grant relief under

AEDPA by conducting its own independent inquiry into whether the state court was correct as a

*de novo* matter.  A federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the state court decision applied the law incorrectly.

*Yarborough v. Alvarado*, 124 S. Ct. 2140, 2150 (2004).[1]  In short, the AEDPA bars a federal

habeas court from granting relief unless the state court decision involves either 1) application of

incorrect legal standards or principles; or 2) involves an objectively unreasonable application of

the correct legal standard or principle.  Finally, Petitioner bears the burden to establish by clear

and convincing evidence that the state court determination was incorrect.  28 U.S.C. §

2254(e)(1).

> **III.    Analysis**
>
> 7.    Petitioner raises the following issues in his federal Petition:
>
> I.    The evidence was insufficient to support Petitioner's convictions for attempted murder and aggravated burglary.
>
> II.    Petitioner was deprived of a fair trial because a material witness was not present at the trial.
>
> III.    Petitioner was denied his constitutional right to effective assistance of counsel at trial by counsel's failure to take steps to ensure a material witness's attendance at trial or, in the alternative, to seek a continuance when said witness failed to appear.
>
> **Insufficiency of the Evidence**

8.    In evaluating a challenge to a state criminal conviction brought under § 2254, the

applicant is entitled to habeas corpus relief if it is found that upon the record of evidence adduced

at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  In reviewing the record, I must view the evidence

in the light most favorable to the prosecution.  *Id.* at 319.  This Court may not weigh conflicting

evidence or consider the credibility of witnesses.  *Kelly v. Roberts*, 998 F.2d 802, 808 (10th Cir.

---

[1]Note that this has been the position of the Tenth Circuit since 2003.  *See McLuckie v. Abbott*, 337 F.3d 1193 (10th Cir. 2003).

1993).  Rather, the Court must accept the jury's resolution of the evidence as long as it is within

the bounds of reason.  *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993).

        9.      Neither the trial court's conclusions nor those of the New Mexico Court of

Appeals were contrary to clearly established federal law; further, they did not involve an

unreasonable application of clearly established federal law.  *Fields v. Gibson*, 277 F.3d 1203,

1217 (10th Cir. 2002).  This Court must "presume state court factual findings are correct, absent

clear and convincing proof to the contrary."  *Romano v. Gibson*, 278 F.3d 1145, 1150 (10th Cir.

2002) (citing 28 U.S.C. § 2254(e)(1)).  A review of the record indicates that Petitioner has failed

to rebut that presumption with clear and convincing evidence.  *Hooper v. Mullin*, 314 F.3d 1162,

1167 (10th Cir. 2002).

        10.     The record in this case contains sufficient evidence to sustain petitioner's

conviction for attempted murder and aggravated burglary.  Michelle Ochoa, the victim, testified

that she recognized Petitioner as the perpetrator while she was being attacked in her bedroom.

(Tr. 77-79).  Manuel Ochoa, the victim's husband, testified that he was standing outside the house

when Michelle Ochoa was thrown, unconscious, from her bedroom window.  (Tr. 123).  At that

time, Manuel Ochoa looked into his bedroom window and observed Petitioner in the victim's

bedroom.  (Tr. 124-125).  The victim's daughter, Delilah Ochoa, testified that her mother

identified Petitioner as the perpetrator immediately after she regained consciousness following the

attack, while waiting for the paramedics to arrive.  (Tr. 201-202).  Finally, Investigator John

Ordoñez indicated that his investigation at the Ochoa residence had turned up no evidence that

anyone else had been present who could have perpetrated the crimes in question other than the

Petitioner.  (Tr. 247-248).  Viewing this evidence in the light most favorable to the prosecution, a

reasonable trier of fact could have concluded that Petitioner was the person who entered the

Ochoa residence and attacked Ms. Ochoa.  The evidence was therefore sufficient to sustain

Petitioner's conviction and Respondents' Motion should be **GRANTED**.

**Deprivation of Right to Fair Trial**

11.      Petitioner next claims that he was deprived of a fair trial by the failure of the trial

court to ensure that Deputy Porras testified at trial.  He cites *United States v. Valenzuela-Bernal*,

485 U.S. 872, 868 (1982) for the proposition that, because the verdict in this case was of

questionable validity, additional evidence of relatively minor importance may be sufficient to

create a reasonable doubt.  Petitioner apparently argues that, because there was scant evidence to

support the verdict, the failure of the court to seek Deputy Porras' allegedly exculpatory

testimony is enough to justify granting the writ of habeas corpus.  Petitioner's reliance on this

authority is misplaced.

12.      As discussed *supra*, the conclusions of the trial court and the New Mexico Court

of Appeals were not contrary to clearly established federal law, nor did they involve an

unreasonable application of clearly established federal law.  *Fields*, 277 F.3d at 1217.  With

respect to Petitioner's claims that he was deprived of a fair trial, I find that Petitioner has failed to

rebut the presumption that the state court's findings were correct with clear and convincing

evidence.  *Hooper*, 314 F.3d at 1167.

13.      I do not find, as Petitioner claims, that the verdict in his trial was already of

questionable validity.  As mentioned *supra*, several witnesses identified Petitioner at the scene of

the crime and there was testimony at trial that no evidence was found that anyone other than

Petitioner had committed the crime in question.  In determining the responsibilities of a trial court

to secure the presence of a witness, the New Mexico Supreme Court has held that it is the

defendant's responsibility, not the court's, to request a continuance, or other measures, to secure

the presence of a witness at trial. *State v. Chavez*, 83 N.M. 349, 350 (1971).  Because it was

defendant's responsibility to request a continuance or some other method of ensuring the

witness's presence at trial, I find that defendant's contention that he was deprived of a fair trial

because a witness failed to testify is without merit.

### Ineffective Assistance of Counsel

14.    Finally, Petitioner claims that he was denied his right to effective counsel because

his attorney failed to request a continuance or seek a subpoena when Deputy Porras did not

appear to testify at trial.  The test for making a claim of constitutionally ineffective assistance of

counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S.

688 (1984).  Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an

ineffective assistance of counsel claim.  *Strickland*, 466 U.S. at 687-88.  First, the petitioner must

demonstrate that his attorney's "performance was deficient" and "fell below an objective standard

of reasonableness." *Id.*  In applying this test, the Court must give considerable deference to an

attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment." *Id*. at 690.  In applying *Strickland*, "[j]udicial scrutiny of counsel's performance must

be highly deferential. *Id*.

15.    To succeed under the first prong, a petitioner must overcome the presumption that

counsel's conduct was constitutionally effective.  *Hung Thanh Le v. Mullin*, 311 F.3d 1002, 1025

(10th Cir. 2002).  For counsel's performance to be constitutionally ineffective, it must have been

"completely unreasonable, not merely wrong." *See Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th

Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)).  Second, a habeas

petitioner must demonstrate that the trial counsel's deficient performance prejudiced him, which

requires a showing that there is a "reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

16.      Petitioner argues that counsel's performance was deficient because counsel failed

to take steps to ensure that Deputy Porras, the officer who arrested petitioner, was present at trial

or to seek a continuance when this witness failed to appear.  For purposes of an ineffective

assistance of counsel claim, the decision whether to call a witness generally rests with the

discretion of trial counsel.  *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998).  In order to

affirmatively prove prejudice, the petitioner must show not only that the testimony of the uncalled

witness would have been favorable, but also that the witness would have testified at trial.

*Lawrence v. Amentrout*, 900 F.2d 127, 130 (8th Cir. 1990).

17.      Petitioner alleges in his Petition for Writ of Habeas Corpus that Deputy Porras of

the Doña Ana County Sheriff's Department was the first officer on the scene following the attack

on Michelle Ochoa.  Petitioner states that he alerted his attorney, Mr. Shattuck, that Deputy

Porras was a crucial witness for the defense and should be subpoenaed.  This was based on

Petitioner's contention that Deputy Porras stated he was "surprised" that petitioner was the

suspect based on the lack of bruises and blood on petitioner's body.  Petitioner also alleges that

counsel knew Deputy Porras would provide exculpatory evidence based on counsel's own

investigation.  Petitioner further asserts that Deputy Porras agreed to testify, that the State had

issued a subpoena for Deputy Porras, and that both the State and the defense had listed Deputy

8

Porras as a potential witness.

18.     Petitioner's allegations are insufficient to establish that he was prejudiced by his counsel's allegedly deficient performance.  Complaints based upon uncalled witnesses are generally not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and speculations as to what these witnesses would have testified to is generally too uncertain.  *States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983).  The Tenth Circuit has found that, even in cases where counsel fails to interview potential witnesses, such failure is not ineffective if it does not prejudice the defendant.  *United States v. Haddock*, 12 F.3d 950, 956 (10th Cir. 1994).  The Tenth Circuit has also found that no prejudice resulted in cases where defense counsel failed to call an alibi witness, holding that the decision to call a witness generally rests within the discretion of trial counsel.  *Jackson*, 143 F.3d at 1320.

19.     Petitioner does not contend that Deputy Porras would have established an alibi, nor does he contend that counsel failed to interview Deputy Porras.  Further, Petitioner was identified as the perpetrator by several witnesses at trial.  I find that petitioner has failed to establish that there is a reasonable probability that, but for counsel's failure to seek a continuance, the result of the proceeding would have been different, under *Strickland*.  *Strickland*, 466 U.S. at 694.  Petitioner has also failed to demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect.  *Hooper*, 314 F.3d at 1167.  Therefore I recommend that Petitioner's Motion for a writ of habeas corpus be denied.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion to Dismiss be **GRANTED** and that the Petition be **DISMISSED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C.

§ 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), filed written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**